**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| TRACY L. ROGERS, | ) | |
| | ) | Case No:   3:21-cv-390-DJH |
| Plaintiff, | ) | |
| | ) | Judge   David J. Hale |
| v. | ) | |
| | ) | |
| TRANS UNION LLC, and TRANSWORLD | ) | |
| SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

Tracy L. Rogers ("Plaintiff") brings this action against defendants Trans Union LLC ("Trans Union") and TransWorld Systems Inc. ("TransWorld") (collectively "Defendants") as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action against Defendant for damages resulting from its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2.     "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.     Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4.      Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

6.      Plaintiff—Tracy L. Rogers—is a natural person who resides in Jefferson County, Kentucky.

7.      Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, Prentice Hall Corporation is located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

8.      Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9.      TransWorld has its principal office located at 500 Virginia Dr., Suite 514, Ft. Washington, PA 19034. Its registered agent, C T Corporation System, is located at 306 W. Main St., Suite 512, Frankfort, KY 40601.

10.     TransWorld is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

11.     Defendants regularly conduct business in Kentucky.

## FACTS

12.     Plaintiff went through a divorce in 2019 and began to work on her credit so that she could obtain a mortgage on a new home.

13.     As part of her credit rebuilding process, Plaintiff agreed to pay defendant TransWorld 100% of her then pending collections; despite having a reasonable belief she did not owe TransWorld any money. In return, TransWorld agreed to delete the derogatory tradelines from Plaintiff's credit reports. This is called a pay for deletion.

14.     Plaintiff paid TransWorld 100% of 4 collections that totaled about $478.00.

15.     But to Plaintiff's surprise months later all 4 of the TransWorld collections were still reporting on her credit reports.

16.     Plaintiff also discovered other errors on her credit reports.

17.     As a result of the 4 TransWorld errors—along with several other errors found on her credit reports—in August 2020 Plaintiff mailed disputes to the 3 major credit reporting agencies, Equifax, Experian, and defendant Trans Union. As to the 4 TransWorld accounts, Plaintiff wrote "This company agreed to delete this account when I paid it as it never should have been sent to collections anyway. Please remove it now."

18.     Plaintiff sent her dispute letter to Trans Union via certified mail, with a tracking number of 7019228000016217152. Plaintiff's dispute letter was received by Trans Union on August 26, 2020.

19.     Upon information and belief, Equifax, and Experian sent Plaintiff's dispute letters—which included disputes as to 4 TransWorld accounts—to TransWorld pursuant to the Fair Credit Reporting Act.

20.     Upon information and belief, Trans Union did not send Plaintiff's dispute letter it

received on August 26, 2020 to TransWorld.

21.     Trans Union failed to conduct its own reinvestigation into why Plaintiff's TransWorld accounts were reporting.

22.     Trans Union failed to respond to Plaintiff's August 2020 dispute in any way.

23.     On February 9, 2021, Plaintiff sent additional dispute letters regarding the improper reporting TransWorld accounts to Equifax, Experian, and Trans Union.

24.     This time, all 3 of the credit reporting agencies—including Trans Union—forwarded Plaintiff's dispute letters to TransWorld pursuant to the Fair Credit Reporting Act.

25.     The improper TransWorld accounts still remain on Plaintiff's Equifax and Experian reports. Only 2 of the TransWorld accounts still remain on Plaintiff's TransUnion credit report; as 2 of them were removed.

26.     As a result, TransWorld failed to conduct a reasonable investigation as it had agreed to delete all 4 tradelines when Plaintiff paid off the collections.

27.     Plaintiff cannot move forward with a mortgage until this error is remedied as the TransWorld collections are negatively impacting her credit score.

28.     Plaintiff has been damaged due to the Defendants' failure to investigate Plaintiff's disputes. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

29.     Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

      i.      Emotional distress, humiliation, guilt, stress, anxiety;

      ii.     Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

iii.   Believing that the inaccurate reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on Plaintiff's ability to obtain a mortgage;

iv.   Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

v.   An inability to improve Plaintiff's credit during the dispute process;

vi.   A lower credit score; and

vii.   Having to hire attorneys to combat the improper credit reporting.

**Count I – Trans Union**
**FCRA – Failure to comply with 1681i**

30.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if the completeness or accuracy of any item of information contained in a consumer's file at Trans Union is disputed by the consumer, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

32.   Pursuant to 15 U.S.C. § 1681i(a)(2)(A) Trans Union has 5-business days from receiving notice of a dispute from a consumer to send the dispute—with all relevant information—regarding the dispute to the company that provided any item of information in dispute.

33.   Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

34.   Pursuant to 15 U.S.C. § 1681i(a)(6) Trans Union shall provide written notice to a consumer of the results of a within 5-business days after the completion of the reinvestigation.

35.     Pursuant to 15 U.S.C. § 1681i(a)(8)(c) whenever a non-frivolous statement of a dispute is filed, Trans Union shall—in any subsequent consumer report containing the information in question—clearly note that it is disputed by the consumer.

36.     In August 2020, Plaintiff disputed the accuracy of 4 TransWorld accounts that appeared on her Trans Union credit report via First-Class Certified Mail—Tracking Number: 70192280000016217152.

37.     Trans Union received Plaintiff's dispute on August 26, 2020.

38.     Trans Union failed to provide TransWorld—or the entity providing information as to the 4 TransWorld accounts—with Plaintiff's dispute.

39.     Trans Union failed to conduct its own reinvestigation into Plaintiff's dispute.

40.     Trans Union failed to provide written notice to Plaintiff as to the results of its reinvestigation.

41.     Trans Union failed to update Plaintiff's credit report with a statement that the 4 TransWorld accounts were disputed by Plaintiff.

42.     Plaintiff later accessed her Trans Union credit reports and the 4 TransWorld accounts were still inaccurately reporting.

43.     Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

44.     Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress because of Trans Union's conduct, action, and inaction.

### Count II – TransWorld
### FCRA—Failure to investigate

45.     Plaintiff incorporates the paragraphs before Count I above as though fully set forth herein.

46.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after TransWorld receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [TransWorld] shall conduct an investigation with respect to the disputed information."

47.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after TransWorld receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [TransWorld] shall review all relevant information provided by the consumer reporting agency…"

48.     TransWorld failed to fully and properly investigate Plaintiff's disputes relating to the 4 TransWorld accounts that should no longer be reporting.

49.     TransWorld failed to review all relevant information provided by Equifax, Experian, and Trans Union (in August 2020 and in February 2021---Trans Union only in February 2021) relating to Plaintiff's disputes.

50.     TransWorld's conduct, action, and inaction was willful, or, in the alternative, negligent.

51.     Plaintiff suffered embarrassment, humiliation, and emotional distress because of TransWorld's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.     Enter judgment in Plaintiff's favor and against each Defendant jointly and severally;
b.     Appropriate statutory penalties for each violation of the FCRA;
c.     Actual damages;
d.     Punitive damages;
e.     Reasonable attorney's fees and the costs of this litigation;
f.     Pre-judgment and post-judgment interest at the legal rate;
g.     Appropriate equitable relief, including the correction of the TransWorld accounts; and
h.     Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: June 14, 2021                    */s/ Parker M. Wornall*

Parker M. Wornall
COMMONWEALTH COUNSEL GROUP PLLC
10343 Linn Station Road, Suite 100
Louisville, KY 40223
Tel: (502) 805-2303
Fax: (502) 805-2304
parker@ccgattorneys.com

Richard J. Doherty
James M. Smith (*pro hac vice* application to come)
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (312) 319-2879
Fax: (312) 319-4084
jsmith@dohertysmith.com

*Counsel for Plaintiff*

## <u>VERIFICATION</u>

Plaintiff Tracy L. Rogers declares as follows:

1.      I am the Plaintiff in this Verified Complaint.

2.      I reside in Jefferson County, Kentucky.

3.      I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.      I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.


Executed on:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                6/11/2021

*Tracy L Rogers*
ID 1avM4rcv7BGiJvNHm2r6pdp3
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
/s/ Tracy L. Rogers, Plaintiff

## eSignature Details

**Signer ID:**        **1avM4rcv7BGiJvNHm2r6pdp3**
Signed by:          Tracy Rogers
Sent to email:      tracylb15@hotmail.com
IP Address:         174.202.68.56
Signed at:          Jun 11 2021, 4:02 pm CDT